**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERARDO VERGARA ALBANIL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1316

Agency No.
A213-082-436

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023[**]

Before:    SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Gerardo Vergara Albanil, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for cancellation of

removal, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

Vergara Albanil's claim the agency violated due process by excluding the testimony of his wife and son fails for lack of prejudice where their affidavits submitted on appeal did not present additional favorable factors nor address petitioner's adverse factors. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("prejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation.").

Because Vergara Albanil does not otherwise raise a colorable legal or constitutional claim, we lack jurisdiction to review the agency's denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).

We do not reach Vergara Albanil's contentions regarding continuous physical presence, rehabilitation, or identity, because the BIA did not rely on these

grounds.  *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) ("our review is limited to the grounds actually relied upon by the BIA").

Substantial evidence supports the agency's determination that Vergara Albanil failed to establish he was or would be persecuted on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be on account of his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Vergara Albanil's withholding of removal claim fails.

In light of this disposition, we need not reach Vergara Albanil's remaining contentions regarding cognizability and membership in his proposed particular social group.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Vergara Albanil failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of

torture too speculative).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**